## STELLE a. PALMER.

*New York Superior Court; Special Term, September,* 1858.

ARREST.—VARIANCE BETWEEN AFFIDAVITS AND COMPLAINT.— REFERENCE.

It is not a ground for vacating an order of arrest, that the case made by the complaint varies from that made by the affidavits, if the affidavits are themselves sufficient, and disclose a ground of arrest which is consistent with the allegations of the complaint.

In what case a reference may be ordered, to ascertain the facts involved upon a motion to vacate an order of arrest.

Application to discharge an order of arrest.

The facts appear in the opinion.

HOFFMAN, J.—It is objected, by the defendant's counsel, that the complaint varies entirely from the affidavits, as to the case made; that, by the former, the plaintiff asserts a cause of action for money received upon the original transaction, or upon the note taken at the adjustment in May, 1858; while the affidavits

present a case of fraud, in the investment of the money in fictitious securities, and palming them off, or of false and fraudulent representations as to the solvency of the indorsers of the note.

If this was precisely the case, the plaintiff would have presented his cause exactly as he· ought to do. The cause of action in the complaint would be independent of, and separate from, the causes of arrest, and the latter need not be stated in the pleading.

But the complaint does, in fact, attempt to set forth, not merely the separate cause which would sustain an action, upon the note for example, but also the facts tending to sustain an arrest.

I do not think that this defect, or impropriety of pleading, forms a ground for discharging an arrest, when the affidavits make a case warranting it. A motion to correct the complaint may be the proper course. (Eddy *a.* Beach, 7 *Abbotts' Pr. R.*, 18.) The original affidavits were clearly sufficient.

Motion for a reference.

· The case was then examined upon affidavits and counter-affidavits, and the judge determined to discharge the order.

Before the order was entered, a motion was made for a reference, under section 271 of the Code.

HOFFMAN, J.—I have not known a case in this court, in which, upon a motion to discharge an order of arrest, a reference has been ordered, under the third subdivision of section 271 of the Code. The power to make such a reference is probably not to be questioned (see 6 *Abbotts' Pr. R.*, 320, *note*); but the case ought to be very special, such as where the judge himself cannot come to a satisfactory, definite conclusion upon the facts as made out. Sections 204 and 205 of the Code enable a plaintiff to meet the defendant's case by counter-affidavits, and the question is settled upon such partial trial, by determining the probable truth, as the matter is thus presented. By such a trial the parties must abide, except, as before observed, upon a strong and peculiar case.

There is nothing in the case before me of such a nature.

'There is no point to which affidavits on each side have not been directed, or could and should have been directed; nothing of surprise, or deception.

Motion denied.